

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

OMAR YEHIA SPAHI,

Debtor.

Case No. 2:10-bk-55570-PC

Chapter 11

**MEMORANDUM DECISION**

Date: November 17, 2010
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom # 1539
255 East Temple Street
Los Angeles, CA 90012

Debtor Omar Yehia Spahi ("Spahi") seeks an order continuing the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(3). Secured creditors NCB, FSB ("NCB") and LOA Investments, LLC ("LOA") oppose the motion. Appearances were entered on the record at the hearing. The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[1] pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and made applicable to contested matters by FRBP 9014(c).

## I. STATEMENT OF FACTS

A.  <u>Case No. 2:09-bk-44294-SB</u>

Spahi filed a voluntary petition under chapter 11 in Case No. 2:09-bk-44294-SB on December 4, 2009. On March 30, 2010, NCB filed motions seeking relief from the automatic stay to exercise its rights with respect to Units # 1809-P, 1705-P, 508-B, 801-P, and 904-P, 201 Ocean Avenue, Santa Monica, California. Spahi opposed the motions. At a continued hearing

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

1  on June 3, 2010, the court denied NCB's motions without prejudice on the grounds that NCB had
2  not established a prima facie case for the relief sought. The court ruled that since a true and
3  correct copy of the original promissory note was not attached to each of the motions, the court
4  would not consider evidence of either the deed of trust purportedly securing the note nor the
5  balance allegedly due on the note.
6        Spahi sought and received an extension of the exclusivity period to June 25, 2010.
7  Although the case remained in chapter 11 for 11 months, Spahi did not file a disclosure statement
8  and proposed plan of reorganization.[2]
9        On September 9, 2010, LOA filed a motion seeking relief from the stay to exercise its
10  rights with respect to 24.6 acres of vacant land in Kern County, California, which had been
11  transferred to Spahi, without the knowledge or consent of LOA, after the petition date and listed
12  by Spahi in an amended Schedule A filed on June 14, 2010. On September 15, 2010, NCB filed
13  a motion seeking dismissal of the case for cause pursuant to 11 U.S.C. § 1112(b). The following
14  day, NCB filed motions seeking relief from the stay to exercise its rights with respect to Units #
15  504-B, 1809-P, 1705-P, 609-P, 508-B, 801-P, and 904-P, 201 Ocean Avenue, Santa Monica,
16  California. Spahi opposed each of the motions.[3]
17        At a hearing on October 6, 2010, the court granted NCB's motion to dismiss the case for
18  cause pursuant to § 1112(b). On October 7, 2010, an order was entered dismissing the case
19  without prejudice based on findings of fact and conclusions of law stated on the record at a
20  hearing. The court adopts and incorporates by reference its findings of fact and conclusions of

---

[2] This case originally was assigned to Honorable Samuel L. Bufford who retired on August 31, 2010. In accordance with Administrative Order 10-09 dated August 11, 2010, the case was reassigned to Judge Peter H. Carroll.

[3] Spahi is not the individual to whom the loans were made by either NCB or LOA. Spahi received his interest in each of the properties that were the subject of NCB's and LOA's respective motions for relief from the stay, whether fractional or otherwise, in contemplation of bankruptcy.

law stated on the record at the hearing on NCB's motion to dismiss on October 6, 2010. The court dismissed Spahi's prior case based upon evidence that:

a. Spahi was oblivious to the fiduciary responsibilities imposed on him by the Code and rules in dealing with property of the estate for the benefit of creditors;

b. Spahi had failed repeatedly to file timely operating reports with the court;

c. Spahi had not filed a disclosure statement and proposed plan, despite 11 months in chapter 11; and

d. Spahi had not established by competent evidence that a reorganization was in prospect.

At the hearing on October 6, 2010, the court also considered the motions of NCB for relief from the stay as to seven of the units at 201 Ocean Avenue, Santa Monica, California, and LOA's motion for relief from the stay as to the 24.6 acres of vacant land in Kern County, California. The court granted the respective motions of NCB and LOA for cause under § 362(d)(1). The court adopts and incorporates by reference its findings of fact and conclusions of law stated on the record at the hearing on the motions of NCB and LOA for relief from the stay on October 7, 2010. An order granting each motion was entered on October 8, 2010, as Items # 150 through 157 on the court's docket.

B.  Case No. 2:10-bk-55570-PC

On October 22, 2010, Spahi filed his second voluntary chapter 11 petition – 15 days after entry of the order dismissing his previous case. On November 8, 2010, Spahi filed a motion seeking a continuation of the automatic stay under 11 U.S.C. § 362(c)(3) as to all creditors,[4] including the rights of creditors secured by liens on the following properties:

a. Units # 1804-P, 801-P, 504-B, 409-P, 1610-P, 1505-B, 1103-B, 703-B, 1803-B, 1908-B, 404-P, 1509-P, 1105-B, 1409-B, 1705-P, 1203-B, 904-P, 1601-B, 1904-

---

[4] In paragraph 1(d) of his motion, Spahi requests a continuation of the automatic stay as to secured creditors. In the prayer to his motion, however, Spahi asks that the automatic stay be continued as to all creditors pending further order of the court. Therefore, the court construes Spahi's motion as seeking a continuation of the stay as to all creditors, including those creditors asserting liens on the subject property.

- 3 -

1   P, 1905-P, 1903-P, 201 Ocean Avenue, Santa Monica, California; and

2      b.   24.6 acres of vacant land in Kern County, California.

3 Spahi asserts that the present case is filed in good faith as to all creditors, including those

4 creditors holding liens on the above described properties, for 2 reasons:

5      a.   NCB allegedly sold 3 of the units [Units # 508-B, 1705-P, and 1809-P] after dismissal of his first case in contravention of California's foreclosure statutes, and none of Spahi's secured creditors have complied with Spahi's request that they validate their respective loans secured by the property. Therefore, Spahi intends to file an adversary proceeding in this court to determine the validity of each of the loans – presumably with NCB and LOA.

8      b.   There has been a substantial change in Spahi's personal and financial affairs since the filing of his first petition.

10 Pursuant to an order entered on November 10, 2010, the court shortened the time for notice of a

11 hearing on Spahi's motion and set the matter for hearing on November 17, 2010. NCB and LOA

12 timely filed written responses in opposition to the motion. Spahi lodged a reply at the hearing.

13 After a hearing on November 17, 2010, the matter was taken under submission.

## II. DISCUSSION

15      The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and

16 1334(b). Spahi's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O).

17 Venue is appropriate in this court. 28 U.S.C. § 1409(a).

18      Section 362(c)(3)(A) states, in pertinent part, that "if a single or joint case is filed by or

19 against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint

20 case of the debtor was pending within the preceding 1-year period but was dismissed, . . . <u>the

21 stay under [§ 362(a)] with respect to any action taken with respect to a debt or property securing

22 such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later

23 case</u>." 11 U.S.C. § 362(c)(3)(A) (emphasis added).

24      "[O]n the motion of a party in interest for continuation of the automatic stay and upon

25 notice and a hearing, the court <u>may</u> extend the stay in particular cases as to any or all creditors . .

26 . after notice and a hearing completed before expiration of the 30-day period <u>only if the party in

27

- 4 -

<u>interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.</u>" 11 U.S.C. § 362(c)(3)(B) (emphasis added). Under § 362(c)(3)(B), a case is <u>presumptively</u> filed not in good faith as to *all creditors* if:

    a.    more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

    b.    a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to

        (1)    file or amend the petition or other documents as required by this title or the court without substantial excuse . . . ;

        (2)    provide adequate protection as ordered by the court; or

        (3)    perform the terms of a plan confirmed by the court; or

        (4)    <u>there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded with a discharge if filed under chapter 7 or a plan that will be fully performed if filed under chapters 11 or 13.</u>

11 U.S.C. § 362(c)(3)(C)(i) (emphasis added).

Under § 362(c)(3)(B), a case is presumptively filed not in good faith "as to *any creditor* that commenced an action under [§ 362(d)] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor." 11 U.S.C. § 362(c)(3)(C)(ii) (emphasis added). Such presumptions may be rebutted only by clear and convincing evidence to the contrary. 11 U.S.C. § 362(c)(3)(C).

Spahi's motion seeks to continue the stay as to all creditors, including NCB and LOA which hold liens against the above described properties. NCB obtained relief from the stay as to Units # 904-P, 801-P, 609-P, and 504-B on October 8, 2010. LOA received relief from the stay as to the 24.6 acres of vacant land in Kern County, California, on October 8, 2010. Spahi's voluntary petition was filed on October 22, 2010. Spahi's motion seeking a continuation of the stay was filed on November 8, 2010, and a hearing on the motion was commenced and concluded on November 17, 2010. Therefore, Spahi's motion under § 362(c)(3) is timely. However, Spahi

has not discharged his burden to establish by <u>clear and convincing evidence</u> a <u>substantial</u> change in his personal and financial affairs during the 15-day period that elapsed between dismissal of his prior case and the petition date or that his petition was otherwise filed in good faith with respect to the creditors sought to be stayed.

A.      No Substantial Change in Spahi's Personal or Financial Affairs

Spahi argues there has been a substantial change in his personal and financial affairs since the first filing[5] because (1) NCB has foreclosed on three of the units since dismissal of the prior case; (2) Spahi's father, John Spahi, is working closely with Ocean Towers Housing Corporation ("OTHC") towards a refinance of OTHC's debt secured by a first lien on the Ocean Avenue properties, and expects to close a refinance of the loan by March 11, 2011; (3) Spahi and his father expect to receive payments of $5 million and $15 million, respectively, from the Egyptian government on an unappealable judgment; and (4) Spahi has put two of the rental units, Units # 504-B and 609-P, on the market for sale. The evidence submitted in support of Spahi's motion consists only of the uncorroborated declarations of Spahi and his father, John Spahi.

Spahi's burden is to establish by clear and convincing evidence a substantial change in his financial and personal affairs since dismissal of the prior case, not the filing of his first petition. See 11 U.S.C. § 362(c)(3)(C)(i). At the hearing in the prior case on October 6, 2010, the court considered evidence concerning the proposed refinance and the judgment. The court takes judicial notice of paragraphs 3 & 4 of the Omnibus Declaration of John Spahi in Support of Oppositions of Debtor to NCB, FSB's Motion to Dismiss and Motions for Relief from Stay [DK # 123] filed on September 22, 2010, in Spahi's prior chapter 11 case in which John Spahi testified to facts virtually identical to the facts which made the basis of his declaration in support of the motion pending before the court:

---

[5] Spahi's Memorandum of Points and Authorities in Support of Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate, 4:17-20.

3.  I will be receiving, beginning in approxmately February or March of 2011, in eight quarterly payments, the total sum of approximately $15,000,000.00, as part of an unappealable judgment in favor of the Spahi family against the Egyptian government, stemming [from] a dispute over the amount of required compensation for land taken from the Spahi family by the government. I intend to utilize part of these funds to ensure a successful reorganization for Omar. Attached hereto as Exhibit "1," and incorporated herein by this reference, is a true and correct copy of the English translation, legalized by the Vice-Consul of the American Embassy in Cairo, Egypt, of a Ruling of the Egyptian High Court of Values which awards LE734,642,488.584, the equivalent of approximately $130,000,000.00 U.S. Dollars to the Spahi family. My share of this will come as the sole beneficiary of my mother, Fadila Mostafa Spahi, and one of three beneficiaries of my father, Lofty Taher Spahi. I am listed as Yehia Lofty Spahi in the Ruling.

4.  I am currently a board member of the Ocean Towers Housing Corporation ("<u>OTHC</u>"). I am working closely with the President and other members of the OTHC on refinancing OTHC's first position deed of trust, held by C.W. Capital, for which NCB, FBS [sic] ("NCB") is acting as the servicer. It is estimated that the monthly savings to OTHC as a whole on monthly payment obligations will be over $220,000.00 based upon a reduction in the interest rate from 7.71% to approximately 4.25%, depending upon the 10-year treasury at the time of closing. Omar's monthly savings alone will be approximately $25,000.00. Closing of the refinancing will take place on March 11, 2011 when OTHC will no longer have to pay a pre-payment penalty in order to refinance. Additionally, as part of the negotiations being undertaken with prospective banks, OTHC and myself are looking to secure preferred financing options to allow for secondary financing on the individual units, such as what was previously provided by NCB and other on the units currently held by the Debtor. Such secondary financing is not currently otherwise available in the market. Making such secondary financing available will allow us the possibility of refinancing out NCB. OTHC and myself are also working to secure both the option of supplemental lending to OTHC for future capital improvements, as well as a $5,000,000.00 line of credit to OTHC to utilize for capital improvements. A significant benefit will be garnered by all owners in Ocean Towers as a result of the joint efforts of OTHC and myself, on behalf of Omar.

This evidence was considered by the court and made part of the evidentiary record at the hearing on NCB's motion to dismiss Spahi's prior chapter 11 case and the respective motions of NCB and LOA for relief from the stay. The court granted NCB's motion to dismiss, together with the stay relief sought by NCB and LOA. Spahi did not appeal any of the orders entered on the motions nor seek reconsideration by the court. The fact that NCB has exercised its right to foreclose on three of the units that were the subject of its stay relief motions and Spahi has put

two of the rental units[6] on the market since dismissal of his prior case is not a change in his personal and financial affairs sufficiently substantial to warrant a continuation of the stay.

With respect to the issue of validation, the court notes that Spahi did not raise this issue at the hearing on NCB's motion for relief from the stay on October 7, 2010. Since dismissal of his first case, Spahi has filed suit against NCB in Case No. BC448630, styled <u>Spahi v. NCB, a Federal Savings Bank</u>, in the Superior Court of California, County of Los Angeles, seeking a declaratory judgment and damages for alleged wrongful foreclosure, violation of statutory duties, and unjust enrichment. Spahi is free to raise the issue of whether NCB has standing to enforce the note and deed of trust in the state court in the event further action is taken to foreclose on the units.[7] These issues arise under state law, were the subject of a pending state court action when Spahi filed his petition in this case, and can be properly and timely adjudicated in state court.

Finally, Spahi asserts that he "has equity in each of the Properties in his estate, and therefore needs the automatic stay to be continued in order to be able to effectively reorganize under his current chapter 11 bankruptcy." However, there is no declaration or other evidence in support of the motion to establish Spahi's valuation of each of the 22 properties identified in the attachment to his motion.[8] Property is necessary for an effective reorganization if "the property

---

[6] The court previously lifted the stay as to Units # 504-B and 609-P by orders entered on October 8, 2010.

[7] There is nothing preventing Spahi from raising similar issues in response to any action that may be taken by LOA to exercise its rights with respect to the 24.6 acres of vacant land in Kern County, California.

[8] Spahi submitted documents in conjunction with his reply to NCB and LOA's responses in opposition to his motion, including appraisals of the property subject to NCB's lien. Spahi has submitted further papers to the court since November 17, 2010, despite the closing of the evidentiary record at the conclusion of the hearing on November 17, 2010. The court has not considered any papers that are not part of the evidentiary record.

LBR 9013-1(i) states, in pertinent part, that "[f]actual contentions involved in any motion, opposition or other response to a motion, or reply papers, must be presented, heard, and

1 | is essential for an effective reorganization that is <u>in prospect</u>. This means . . . that there must be
2 | 'a reasonable possibility of a successful reorganization within a reasonable period of time.'"
3 | <u>United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd.</u>, 484 U.S. 365, 376 (1988) (emphasis
4 | added). Spahi has not established by declaration or other competent evidence that a
5 | reorganization is in prospect, <u>i.e.</u>, that he has formulated a feasible plan of reorganization; that
6 | the subject property is essential to the success of such plan; and that the plan will be confirmed
7 | within a reasonable period of time.

### III. CONCLUSION

Because Spahi has failed to rebut by clear and convincing evidence a presumption that the petition filed on October 22, 2010, lacked good faith as to the creditors sought to be stayed, the motion must be denied.

The court will enter a separate order consistent with this opinion.

Dated: November 21, 2010

PETER H. CARROLL
United States Bankruptcy Judge

---

determined upon declarations and other written evidence." LBR 9013-1(c)(3)(A) further states, in pertinent part, that the <u>motion</u> must be filed and served with "duly authenticated copies of all photographs and documentary evidence <u>that the moving party intends to submit in support of the motion</u> . . . ." (emphasis added). Evidence submitted in conjunction with a reply is relevant to the issues raised in the opposition, but such evidence cannot be used as a substitute for evidence that was required to be filed with the motion to establish a <u>prima facie</u> case for the relief requested in the moving papers.

10-55570-PC   OMAR YEHIA SPAHI

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **Memorandum Decision** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **11/22/2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com
russell.clementson@usdoj.gov, ecfcacb@piteduncan.com
cpajak@stutman.com, rrevich@stutman.com
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                               **F 9021-1.1.NOTICE.ENTERED.ORDER**